The Court
(Strong, Sedgwick, Sewall, and Thacher, justices) granted a rule to show cause, according to the motion. And they said that service of the rule upon the attorney in Court of the adverse party would be sufficient; which might be done without inserting the name of the attorney in the rule, or any special order of the Court for service on him.
The application for a writ of review was made at the Feb. term, in Boston, 1802. On the back of the application, the clerk had entered the following minutes, viz., “ Continued to Plymouth Court for evidence. At Plymouth, June, 1802, continued nisi. A1 Boston, Feb. 1803, writ of review granted as prayed for. Writ issued May 27th. June term, 1803, at Plymouth, new writ of review ordered.”
The writ which issued May 27th, and was intended to be a writ of review, and was entered as such at the June term, 1803, in this county, recited that a writ of review was granted by the Court at Boston, in Feb. 1803, &c., and concluded thus: “ These are there fore to require you (the sheriff) to summon the said Isaac Joslyn to appear at the next Supreme Judicial Court, to be held at Plymouth, within and for the county of Plymouth, to show cause, if any he have, why the prayer of said petition should, not he granted.” This writ, being altogether deficient and informal as a writ of review, was, as it was said, upon the motion of the plaintiff’s counsel, at [ * 131 ] June term, * here, quashed by the Court, and a new writ of review ordered to issue ; which writ was afterwards taken out, and recited that it was granted at Boston, and was first entered at the present term of this Court.
And now the counsel for the plaintiff contended that the writ ought not to be quashed; because, although there did not appear to be any formal order of notice to the adverse party upon the petition for a review, entered upon the records of the Court, yet the Court ought to presume that the writ would not have been granted without nearing the defendant upon the petition. And he also insisted that the writ which issued May 27th, and which was entered here at June term, 1803, was in substance an order of notice, and the Court would presume that the defendant was heard at that time upon that writ as an order of notice, and therefore that the new writ of review was regularly granted. But as the new writ recites that the same was granted at Boston, in Feb. 1803, and is now first entered, he moved that it might be amended, by stating that it was granted at the last term of this Court holden in this county; on the ground that all writs of review, granted by the Court, must be taken out, returned to, and entered at the term next after the term when the writ was granted.
*99 The counsel for the defendant insisted that, as'it did not appear from any part of the record that the defendant had had notice of the application for a review, and as he had in his affidavit expressly denied that he had ever had such notice, there could be no such presumption as is contended for by the counsel for the plaintiff. If the affidavit of the defendant is not true, why is it not contradicted or denied by a counter-affidavit, or by some other evidence of actual notice having been given ? It is obvious that neither the plaintiff nor his counsel considered the writ which was issued the 27th of *May as an order of notice, but, on the con- [ * 132 ] trary, as a writ of review; it was entered as such, acted on as such, quashed as such ; and upon the motion of the counsel for the plaintiff himself. Its informality and deficiency as a writ of review happened from a mistake of the resident-clerk, who had never made out a writ of this kind, and was unacquainted with the form: in which these writs usually issued. He therefore concluded that the Court would not order the writ to be amended, but, on the contrary, would make the rule absolute to quash it.
The Court inclined to think that the writ which issued May 27th might be considered as an order of notice, and that they ought to presume that it was so considered by the Court at June term, 1803 ; at which time the defendant was, or might have been heard, if he thought proper, upon the merits of the petition for a writ of review; and that therefore the writ which was then ordered to issue was regularly granted ; but they took time to consider ; and on the last day of the term they delivered their opinions.
Sewall, J.
It does not appear by the record that notice was given, or that any one appeared to answer to the application or petition for a writ of review in this case. The affidavit of the defendant, which is not contradicted, expressly and positively denies his having at any time had notice of the pendency of the application for the writ. At Feb. term, 1803. in Boston, the Court granted a writ of review, as prayed for in the petition ; the writ was issued, served, returned, and entered here at the June term in the same year, when the counsel for the plaintiff, it is said, moved to quash the writ. There is, however, no minute of any proceedings in Court on tr.it writ, excepting merely that a new writ was ordered. The first question is, whether the writ was issued improvidently. I ain of opinion that it was. This opinion *is grounded [ * 133 ] upon the act passed June 18, 1788, (stat. 1788, c. 11,) by virtue of which this Court was authorized to grant a writ of review in this case; but upon due notice of the petition being given to the adverse party.
Parsons for the plaintiff.
Whitman for the defendant.
The second question then is, whether the proceedings at the time when the new writ was granted are to be considered as setting it right. I think not; these proceedings were grounded on the first writ, and were merely confirmatory of the order made at Boston: the new writ was ordered because the first was informal: this is evident from the writ itself—the new writ—which recites that it was granted at Boston.
But I do not think that the Court are obliged to quash the writ, We may now hear the parties upon the merits of the application for a new trial, and do justice. If, upon such hearing, the Court should be of opinion that a new trial ought to be granted, the trial may proceed upon the present writ: this, I think, ought to be done, because, if the Court quash the writ, the plaintiff will have lost his right to prefer another petition; more than three years having elapsed since the rendition of the judgment of which he complains.
Sedgwick, J.
From the facts in the case, I think the Court must conclude that no notice was given to the adverse party of the application for a writ of review. The statute requires notice ; if it did not, natural justice would; after two verdicts in favor of the defendant, he ought not to be put to the expense of a new trial, without being fully heard- upon the merits of the application for it The first writ, which was more like an order of notice than a writ of review, was quashed, on the motion, it is said, of the plaintiff’s counsel; the case then stood as if the writ had never been granted ; there is no evidence that the defendant was then heard on the merits of the petition, but rather the contrary; the granting [ * 134 ] of the new writ could *add no validity to the former order; the writ, therefore, has issued improvidently, and ought not now to be proceeded on. But I do not think we are obliged to quash the writ; as it does not appear that the parties have ever been heard upon the merits of the application for a new trial I think that the Court ought to hear them, and that substantial justice requires it.
Strong, J.,
said he was of the same opinion.